UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CASE NO. 1:06-CV-218-TLS |
| ESLER C. WALKER, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Set Aside a Judgment By Default Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The only question raised is whether the Defendant was ever served with process. The Court finds that he was not. The Plaintiffs filed a separate motion to enforce their judgment, but that judgment is void for lack of jurisdiction, and so their motion must be dismissed.

**A.     Background**

The Plaintiffs filed their Complaint against the Defendant on May 30, 2006. On July 13, 2006, the Plaintiffs submitted their verified proof of service, stating that Corey S. Marmaduke personally served the Defendant with the Summons and Complaint on June 21, 2006. The Return of Service, signed by Marmaduke, stated that the Defendant was personally served on June 21, 2006, though it did not state where the Defendant was served.

On July 27 2006, the Plaintiffs moved for a Clerk's entry of default against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). Default was entered against the Defendant on

July 28, 2006.

On August 4, 2006, the Plaintiffs moved for default judgment, and the Court granted the motion and issued an order granting default judgment on August 8, 2006.

On October 10, 2006, the Defendant filed a motion to set aside the judgment pursuant to Rule 60(b), arguing that this Court lacked jurisdiction to enter judgment against him because he was not served.

According to the Defendant's affidavit, he permanently moved from 5829 Wiltshire Drive, Columbus, Georgia, on June 1, 2006. The Defendant's landlord, Robert Knight, signed an affidavit stating that the Defendant moved from the residence at 5829 Wiltshire Drive on June 1 and has not lived there since that date. Knight also states that he has not seen any summons or legal document addressed to the Defendant delivered to the residence at 5829 Wiltshire Drive. The Defendant states that he currently resides in Dahlonega, Georgia, and has resided there since July 16, 2006. The Defendant says he first learned of the default judgment on August 20, 2006.

The Defendant also submitted the affidavits of friends and family who were with the Defendant on July 21, 2006. They all state that the Defendant was with them at a warehouse in Shiloh, Georgia, and that no legal papers were served to him. Those submitting affidavits include Zachary Walker, the Defendant's son; Austin Charles Monfee, a neighbor of the Defendant who worked with the Defendant's sons; Ashlee Ryan Jackson, a friend of the Defendant's son Zachary Walker; Angie Walker, the Defendant's wife; Amanda Walker, the Defendant's daughter; and the Defendant. According to the affidavits of Austin, Ashlee, and Zachary, the Defendant, Amanda, and Angie left the warehouse at 6:15 p.m. to go out to eat.  Austin, Ashlee, and Zachary state they left at 7:30 p.m. to go out to eat. Angie states in her affidavit that she was

2

with the Defendant on June 21 from 5:45 p.m. to 11:00 a.m the next day at the Shiloh warehouse. Amanda states that she was with the Defendant at the warehouse in Shiloh from the morning of June 21 until 11p.m. The Defendant's own affidavit does not state where he was on the June 21, 2006.

On November 1, 2006, the Plaintiffs responded, arguing that the affidavit of Marmaduke showed that process had been served on the Defendant. According to Marmaduke, he was asked by the Plaintiffs' law firm to serve court documents on the Defendant at 5829 Wiltshire Drive, Columbus, Georgia. He was also asked to attempt to recover property from the Defendant that the Plaintiffs claimed was improperly kept by the Defendant after leaving employment with the Plaintiffs. Marmaduke states in his affidavit that he served the Defendant at 5829 Wiltshire Drive, Columbus, Georgia, on June 21, 2006, at 6:50 p.m., Central Daylight Time, or 7:50 p.m. Eastern Daylight Time. He states a man answered the door. Marmaduke asked him about equipment he possessed that was owned by his former employer. Marmaduke does not state that he named the Plaintiffs. The man responded that he did not take anything and that the property he kept was his personal property. Marmaduke then listed the items that the Plaintiffs claimed belonged to them, including two computers, files and records. The man at the door attempted to slam shut the front door. Marmaduke placed the summons, complaint, and other court documents in the door. The person opened the door, removed the documents, and kept possession of the documents while he closed the door. Marmaduke states in his affidavit that because of the man's reaction to his questions about the property, and because he was at the last known address for the Defendant, he believed the man was the Defendant. Later, in October of 2006, Marmaduke was shown a photocopy of the Defendant's driver's license. Marmaduke states that the man who

3

answered the door on June 21 at 5829 Wiltshire was the man pictured on the Defendant's driver's license.

The Defendant replied on November 1, 2006.

**B.     Analysis**

Federal Rule of Civil Procedure 4(e) states that a court has personal jurisdiction over a party when the party is served by delivering a copy of the summons and complaint to the individual personally, or by "leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Fed. R. Civ. P. 4(e). The Plaintiffs claim service was delivered personally to the Defendant. They do not argue that the 5829 Wiltshire Drive, Columbus, Georgia, address was the Defendant's dwelling or usual place of abode. The parties agree that when a plaintiff fails to serve a defendant with the summons and complaint, the district court lacks jurisdiction over the defendant and any resulting judgment is void and may be set aside under Rule 60(b)(4). The Defendant bears the burden of showing that the judgment is void because of improper service. *Trustees of Cent. Laborers, Welfare Fund v. Lowery*, 924 F.2d 731, 732 n. 2 (7th Cir. 1991); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954).

The Court finds the Defendant's submissions sufficient to carry his burden to show he was not served with process. The affidavits submitted by the Defendant describe his whereabouts on June 21, 2006. They state that he was not at 5829 Wiltshire Drive in Columbus, Georgia, and corroborate his assertion that nobody served process on him. The Defendant's former landlord states that the Defendant did not live at that address after he moved on June 1, 2006. The

4

Plaintiffs' process server Marmaduke did not know what the Defendant looked like at the time he attempted to serve him, and only in October was he shown a picture. Also, Marmaduke does not state that the person he served ever identified himself as the Defendant. Marmaduke's account does not suggest one way or another whether the person who answered the door at 5829 Wiltshire Drive in Columbus, Georgia, was the Defendant. According to the account given by Marmaduke, he told the person who answered the door that he was to retrieve equipment the person had taken from his previous employer. The person said he did not take anything and only kept personal property.  After Marmaduke named the specific items he was seeking, the person attempted to shut the door. Finally, the return of service does not state the address at which process was served, and Marmaduke offers no explanation for its absence. It is only in his affidavit that Marmaduke states that he delivered service at 5829 Wiltshire Drive in Columbus, Georgia.

  Because the Defendant has carried his burden to show that he was not served with process, this Court does not have jurisdiction over the Defendant and the judgment entered against him is void. The Defendant's motion to set aside judgment is GRANTED, and the Plaintiffs' motion to find the Defendant in contempt is DISMISSED.

  SO ORDERED on December 1, 2006.

              s/ Theresa L. Springmann
            THERESA L. SPRINGMANN
            UNITED STATES DISTRICT COURT