UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J.C BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   CAUSE NO. 1:06-CV-218<br>) |
| ESLER C. WALKER, | )<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Defendant and Counterclaim Plaintiff Esler C. Walker's "objection and motion to strike" (Docket # 45, 46) the motion for an extension of time filed by the Plaintiffs and Counterclaim Defendants, J.C. Brown, Spirit of America Corporation, and Amaze-N-Tow, LLC, and the Third Party Defendant, Matthew J. Elliot. (Docket # 43.) Because the Court granted the motion for an extension of time (Docket # 44) prior to the filing of Walker's "objection and motion to strike," the Court will deem Walker's motion to be a motion for reconsideration.

For the following reasons, Walker's motion will be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case began on May 30, 2006, with the filing of the Plaintiffs' eight-count complaint (Docket # 1), asserting trademark infringement and various other claims against Walker. Along with his answer to the complaint (Docket # 23), Walker filed a counterclaim against the Plaintiffs, as well as a "cross-claim" against their attorney, Matthew J. Elliot, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

On February 26, 2007, the Plaintiffs filed a motion to dismiss Walker's counterclaim

(Docket # 27), contending that it failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because it failed to meet the heightened pleading requirements for stating a viable RICO claim. In addition, Elliot filed a separate motion to dismiss (Docket # 30), similarly arguing that Walker failed to meet RICO's heightened pleading requirements and also that: (1) Walker never effectuated service on Elliot pursuant to Rule 12(b)(5);[1] (2) Walker cannot assert a "cross-claim" against Elliot under Rule 13(g) because he is not a co-party to this action; and (3) even if Elliot is deemed a third-party defendant, Walker's claim fails to meet the requirement of Rule 14(a). Both the Plaintiffs' and Elliot's motions to dismiss are still pending before the Court.

On June 4, 2007, Walker filed a motion for summary judgment (Docket # 40), seeking summary judgment on his RICO claims against the Plaintiffs and Elliot, and on June 11, 2007, the Plaintiffs and Elliot requested an extension of time to respond to that motion pending the Court's ruling on the motions to dismiss. The Court granted the motion for an extension of time on June 20, 2007, allowing the Plaintiffs and Elliot ninety days from the date the Court rules on the pending motions to dismiss to respond to Walker's motion for summary judgment.

On June 21, 2007, Walker's current "objection and motion to strike" was filed, asserting two reasons for why the motion for an extension of time should not have been granted: (1) the motions to dismiss "are not properly before this Court" because they are procedurally deficient; and (2) the motions to dismiss are essentially a delay tactic employed by the Plaintiffs and Elliot to "come up with some shred of evidence to oppose" his motion for summary judgment. (Esler

---

[1] Attached to the motion is Elliot's affidavit, stating that "Mr. Walker did not serve me with a summons for the claim he asserted against me." (Aff. of Matthew J. Elliot ¶ 8.)

2

C. Walker, Jr.'s Objection and Mot. to Strike Brian C. Heck's So-Called Mot. for Extension of time to Respond to the Mot. for Summ. J. filed by Esler C. Walker on Grounds of Impertinence and Fraud, F.R.Civ.P. r 12(f) ("Walker Objection") 1, 8.)

## II. LEGAL STANDARD

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (citation omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

## III. DISCUSSION

In his motion opposing the extension of time, Walker primarily re-hashes the argument he made in response to the pending motions to dismiss, that is, that the motions to dismiss "are not properly before this Court" because they are procedurally deficient. Specifically, Walker asserts that the motions to dismiss are "frivolous demurrers" and that the motions should be converted to motions for summary judgment because they allegedly contain matters outside the pleadings.[2] *See* Fed. R. Civ. P. 12(b) ("If, on a motion [to dismiss] asserting [a Rule 12(b)(6) defense] . . . for failure of the pleading to state a claim upon which relief can be granted, matters

---

[2] Presumably, the "matter outside the pleadings" is Elliot's affidavit, which is attached only to his motion to dismiss, not the Plaintiffs' motion. Moreover, Elliot's affidavit was ostensibly filed to support his Rule 12(b)(5) argument, not his Rule 12(b)(6) argument, as Walker suggests.

3

outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .").

It is unclear why Walker believes that the motions to dismiss are "frivolous demurrers," or why this characterization affects the Court's ruling on the motion for an extension of time. Far from being "frivolous," the Plaintiffs and Elliot make a feasible argument that Walker failed to adequately plead his RICO claim. Indeed, as the Plaintiffs and Elliot assert, to state a viable RICO claim, a plaintiff must show "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995). Furthermore, "allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney v. The Int'l Amateur Athletic Found.*, 244 F.3d 580, 597 (7th Cir. 2001).[3]

Moreover, Walker argues that the motions to dismiss are essentially a delay tactic employed by the Plaintiffs and Elliot to "come up with some shred of evidence to oppose" his motion for summary judgment. (Walker Objection 8.) More specifically, and for reasons unexplained by Walker, he believes that "Brian Heck [the Plaintiffs' attorney] scandalizes these proceedings with [his] confession that the original complaint was filed over a year ago," and that this so-called "confession" is evidence that the Plaintiffs and Elliot "need[] an indefinite length of time to see if Heck can come up with some shred of evidence to oppose the overwhelming fact record made by Esler C. Walker, Jr. . . . ." (Walker Objection 8.) The basis for this argument is,

---

[3] Whether Walker's pleadings meet these heightened standards will presumably be addressed by the District Judge when ruling on the pending motions to dismiss; accordingly, we will not accept Walker's invitation to determine the adequacy of his pleadings in an order that merely concerns an extension of time.

4

however, unclear, and Walker points to no evidence in support of his accusation that the motions to dismiss are mere delaying tactics.

In short, Walker fails to provide a convincing explanation for why it was a "manifest error of law or fact" for the Court to grant the motion for extension of time. Indeed, as a matter of sensible case management, it is preferable to first determine whether Walker's claims are adequately pled before addressing (as Walker would have us do) the merits of those claims. Accordingly, Walker's "objection and motion to strike" the motion for extension of time (Docket # 45, 46) is DENIED.

SO ORDERED.

Enter for June 26, 2007.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge