UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J.C. BROWN, SPIRIT OF AMERICA ) | |
| CORPORATION, and AMAZE-N-TOW, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:06-CV-218-TS |
| ) | |
| ESLER C. WALKER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

After the Plaintiffs, J.C. Brown, Spirit of America Corporation, and Amaze-N-Tow, LLC, sued the Defendant, Esler C. Walker, for trademark infringement, he lodged a counterclaim against them as well as a "cross-claim" against their attorney, Matthew J. Elliott. Walker alleges that they committed violations of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 *et seq.* This matter is before the Court on the Plaintiffs' Motion to Dismiss the Counterclaim [DE 27] and Elliott's Motion to Dismiss the Cross-Claim [DE 30].

**A.    Motion to Dismiss Counterclaim**

The Plaintiffs move for dismissal of Walker's RICO counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs argues that Walker has not stated a viable RICO claim because he has not pled facts to support the elements of a RICO claim and because he has not alleged fraud with the requisite specificity required by Federal Rule of Civil Procedure 9(b). In his response, entitled "Brief in opposition to plaintiff's so-called motion to dismiss," Walker argues that the Plaintiffs' motion is procedurally deficient and is a "frivolous demurrer." (DE 32 at 1.) Walker then recites the standard of review under Rule 12(b)(6), alleges that the Plaintiffs'

motion should be converted to a motion for summary judgment because the Plaintiffs tendered matters not in the record, states that Rule 12(b)(5) is not applicable, cites the text of Rule 7(a) and (b), and uses Black's Law Dictionary to define demurrers.

**1.**     *Standard of Review*

The Plaintiffs have submitted a proper motion for dismissal as contemplated by Rule 12(b)(6), which tests the sufficiency of a pleading and not its underlying merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. While the complaint does not need detailed factual allegations to establish the grounds of his entitlement to relief, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Moreover, "allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney v. The Intern. Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th

2

Cir. 2001).

> Accordingly, a RICO plaintiff "must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud." Moreover, in a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme.

*Goren v. New Vision Int'l., Inc*., 156 F.3d 721, 726 (7th Cir. 1998) (internal citations omitted).

### 2.     *The Defendant's RICO Counterclaim*

When Congress enacted RICO, it chose to supplement criminal enforcement of its provision by providing that "[a]ny person injured in his business or property by reason of a violation of section 1962" may bring a civil action under RICO. 18 U.S.C. § 1964(c). Walker's counterclaim, which he styles as being under the authority of 18 U.S.C. § 1964(a) & (c), states that he is the proper owner of "amazentow," that "any claim controverting [his] ownership of amazentow was obtained by fraud," that Brown and Amaze-N-Tow, LLC, took money from over sixty customers for Amaze-N-Tow trailers but gave them fraudulent VIN number certificates, and that all the Plaintiffs are an "association in fact affecting interstate commerce." (DE 23, ¶¶ 20–23.) He further alleges that Brown has committed two or more acts of fraud, which has caused damage to his business. (DE 23, ¶ 23.)

a.     *Pattern of Racketeering Activity—Fraud*

A crucial element of any RICO claim under 18 U.S.C. § 1962 is proof of either a "pattern of racketeering activity" or the "collection of an unlawful debt." *U.S. Textiles, Inc. v. Anheuser-Busch Cos*., 911 F.2d 1261, 1266 (7th Cir. 1990). As Walker has not alleged collection

3

of an unlawful debt, the Court will review his claim as one asserting a pattern of racketeering activity. "A pattern of racketeering activity consists, at a minimum, of two predicate acts of racketeering committed within a ten-year time period." *Goren*, 156 F.3d at 728; 18 U.S.C. § 1961(5). These predicate acts are violations of a specified list of criminal laws found in § 1961.[1] Walker has alleged a predicate act of fraud and, therefore, he must do so with the particularity required by Rule 9(b). "In order to satisfy this standard, a RICO plaintiff must allege the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Id.* at 729 (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *see also Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 599 (7th Cir. 2001) (stating that because a RICO plaintiff must allege two predicate acts of fraud, she must satisfy the requirements of Rule 9(b) twice). Walker's counterclaim allegations do not meet these requirements. He does not provide any detail to support the conclusion that his ownership rights in the Amaze-N-Tow were "obtained by fraud." (DE 23, ¶ 21.)[2] As to his allegation that Brown and Amaze-N-Tow issued "fraudulent VIN number certificates" to customers who purchased Amaze-N-Tow trailers, he does not identify the customers, the person or persons issuing the VINs, the dates of the purported issuance, or any other details of the transactions involving these customers. This conclusory allegation that others were defrauded is not enough to state a claim. *Goren*, 156 F.3d at 729 ("[W]e have repeatedly held that a plaintiff's conclusory allegations that

---

[1] Because Walker only alleges fraud as a potential predicate act, the Court will not look to any of the other crimes listed in § 1961(1).

[2] It is not clear that he is even asserting that this fraud is a part of a pattern of racketeering activity or is intended as a defense to the Plaintiffs' trademark infringement claims. To fulfill the pattern requirement, predicate acts must be related to one another. *H.J., Inc., v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 239 (1989)).

'defendants' also defrauded unidentified 'others' are not enough to plead the requisite pattern of fraud."); *see also Jennings v. Auto Meter Prods., Inc.*, — F.3d —, 2007 WL 2120337, at *7 (7th Cir. July 25, 2007) (noting that despite the plaintiff's attempts to allege a vast array of victims and injuries, the plaintiff was the only identifiable victim). Walker also alleges that "Brown has committed two or more acts of fraud" but does not identify these fraudulent acts.

Walker's allegations of fraud are subject to the heightened pleading standard of Rule 9(b). Under this standard, his counterclaim does not state a viable claim of fraud as needed to claim a RICO violation. Therefore, Walker's counterclaim is dismissed.[3]

b. *Miscellaneous Arguments*

In his response, Walker contends that the Plaintiff's motion for dismissal should be converted to a motion for summary judgment because it contains matters outside the pleadings. Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). However, nothing outside the pleadings was attached to the Plaintiffs' motion to dismiss the counterclaim, nor was any such matter considered by the Court. It is not necessary or proper to convert the motion to one for summary judgment.

Walker also argues that Rule 12(b)(5) does not require dismissal of his counterclaim. However, the Plaintiffs' motion does not assert Rule 12(b)(5) as a ground for dismissal of

---

[3] Even without the heightened pleading requirement, Walker's allegations fail to take into account another requirement of RICO claims. Walker has not alleged any time frame for the alleged fraudulent activities. The duration of racketeering activity is "perhaps the most important element of RICO continuity," which is part of the pattern requirement. *Jennings v. Auto Meter Prods., Inc.,* — F.3d —, 2007 WL 2120337, at *6 (7th Cir. July 25, 2007) (holding than activity that occurred over ten month period was "an insubstantial amount of time" and was insufficient to meet the continuity required for a pattern of racketeering at pleading stage) (citation omitted).

5

Walker's claims against them.

**B.    Elliott's Motion to Dismiss Cross-Claim**

Matthew J. Elliott moved to dismiss Walker's cross-claim pursuant to Rule 12(b)(5) for improper service of process and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Elliott supplies his affidavit in support of his argument that he was not served with a summons for the claim Walker asserts against him. Elliott also argues that Walker cannot assert a cross-claim against him under Rule 13(g), which governs cross-claims, because he is not a co-party. Even if the Court characterized Walker's claim as a third-party complaint, Elliott argues he is not subject to the jurisdiction of this Court because he was not served with the notice of the claim. Elliott also submits that the claim does not comply with Rule 14(a), which only allows a third- party claim to be brought if the third party's liability is dependent on the outcome of the underlying litigation or if the third party is secondarily liable to the third-party plaintiff. Finally, Elliott asserts that the allegations set forth in Walker's claim does not state a viable RICO claim.

In his response, entitled "Brief in opposition to Matthew J. Elliott's so-called motion to dismiss," Walker argues, as he did in response to the Plaintiffs' motion, that Elliott's motion is procedurally deficient and is a "frivolous demurrer." (DE 33 at 1.) Walker then recites the standard of review under Rule 12(b)(6), alleges that the motion should be converted to a motion for summary judgment because the Plaintiffs tendered matters not in the record, states that Rule 12(b)(5) is not applicable, cites the text of Rule 7, and uses Black's Law Dictionary to define demurrers.

**1.** *Walker's Cross-Claim Against Elliott*

> The following is the entirety of Walker's claim against Elliott:
>
> A jury shall determine that Matthew J. Elliot advanced the scheme of fraud perpetrated by J.C. Brown. The rule of law provides that the Court apportion damages inhering to Esler C. Walker, Jr. and all who are similarly situated to Esler C. Walker, Jr. in a sum to be payable by Elliot so as to provide remediation in re: those Elliot has effectively defrauded in this and other similar scams aided and abetted by Elliot.

(DE 23, ¶ 25.)


**2.** *Pleading Deficiencies*

The Plaintiff has not effectuated service on Elliott and has not attempted to establish good cause for failing to obtain service. Neither is his claim proper under the Federal Rules of Civil Procedure. Rule 13 contemplates cross-claims "by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Because Elliott was not a co-party to the action, Rule 13 does not allow his claim. If Walker intended the claim against Elliott to be a third-party claim, it is still improper. Under Rule 14, a third-party defendant must be a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff" in the underlying suit. Fed. R. Civ. P. 14(a).

> According to the plain language of Rule 14(a), therefore, the distinguishing characteristic of a claim filed pursuant to Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff. *E.g., U.S. Gen. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979); *Parr v. Great Lakes Express Co.*, 484 F.2d 767, 769 (7th Cir. 1973); *Leaseway Warehouses, Inc. v. Carlton*, 568 F. Supp. 1041, 1043 (N.D. Ill. 1983); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1446, at

7

>   246 (1971) (third-party claim proper only when third party's liability is in some way dependent on outcome of main claim or when third party is secondarily liable to defendant).

*Forum Ins. Co. v. Ranger Ins. Co.*, 711 F. Supp. 909, 915 (N.D. Ill. 1989). Walker's independent RICO claim against Elliott is not an attempt to transfer to Elliott the liability that the Plaintiffs have asserted against Walker.

Even if Walker perfected service and Elliott was a party against whom Walker could assert a claim in this litigation, his claim is a nonstarter. Walker's blanket assertions of a right to relief does not allege facts that "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1974. The failure to state a claim provides an independent basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). To state a RICO claim, a plaintiff must show the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Jennings*, — F.3d —, 2007 WL 2120337, at *4; *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995). Walker's allegation that Elliott "advanced the scheme of fraud perpetrated by J.C. Brown" does not meet the requirements of a RICO claim, much less provide the specificity required by Rule 9(b) for allegations of fraud. Even if the Court assumes that Walker's allegations of fraud against Elliott incorporate his counterclaim allegations against the Plaintiffs, those claims were not adequately pled and cannot be used as a basis for RICO charges against Elliott. The allegations against Elliott are so vague and speculative that they fail to show that he is entitled to relief and fail to notify Elliott of the grounds on which the claim rests.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Plaintiffs' Motion to Dismiss Counterclaim [DE 27] and Elliott's Motion to Dismiss Cross-Claim [DE 30] are GRANTED and the counterclaim and cross-claim asserted by Walker are DISMISSED. Because Walker has a pending motion for summary judgment [DE 40] related to the claims dismissed in this Order, that motion is rendered MOOT. If Walker intended the motion for summary judgment to address the Plaintiffs' claims against him as well, he may refile a motion that addresses those claims only.

SO ORDERED on August 6, 2007.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT