**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA | ) | |
| CORPORATION, and AMAZE-N-TOW, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-218-TS |
| | ) | |
| ESLER C. WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

There are several pending motions in this cause. This order addresses the Defendant's

motion to dismiss for lack of jurisdiction and motion to reconsider [DE 59], as well as the

Defendant's motion to disqualify judge [DE 62].

**BACKGROUND**

On May 30, 2006, the Plaintiffs filed a complaint in this Court suing the Defendant for

using the Plaintiffs' trademarks to describe, market, promote, advertise, and sell his products in

violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*. The Plaintiffs also assert state law claims

of unfair competition, replevin, conversion, tortious interference, and breach of duty of loyalty.

The Plaintiffs seek injunctive relief and money damages.

The Plaintiffs moved for entry of default on July 27, 2006, and the clerk entered default

on July 28, 2006. The Court granted the motion for default judgment on August 8, 2006. After

finding that the Defendant carried his burden to show that he was not served with process, the

Court set aside the judgment on December 1, 2006.

The Defendant answered the complaint on February 5, 2007, and lodged a counterclaim

against the Plaintiffs as well as a "cross-claim" against their attorney, Matthew J. Elliott. The Defendant alleged that they committed violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.* The Plaintiffs and Elliott moved to dismiss the counterclaim and "cross-claim." The Court granted the motions and dismissed the counterclaim and "cross-claim" on August 6, 2007.

On September 24, 2007, the Defendant moved to dismiss the case for lack of subject-matter jurisdiction, provided additional argument for sanctions against Attorney Brian Heck, and moved to vacate the August 6 order dismissing the Defendant's counterclaim and "cross-claim" [DE 59]. On November 13, 2007, the Defendant filed a motion to disqualify the undersigned from the case [DE 63].

The motion for sanctions is pending before Magistrate Judge Cosbey. The Court will address the remaining requests in the September 24 motion as well as the motion to disqualify in this opinion and order.

## DISCUSSION

### A.    Motion to Disqualify Judge

28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Seventh Circuit has held:

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

2

*Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted).

28 U.S.C. § 455(b)(1) provides for the disqualification of a judge "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  In determining whether a judge must disqualify herself under 28 U.S.C. §455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Id.* at 355 (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)). "Moreover, recusal is required only if actual bias or prejudice is 'proved by compelling evidence.'" *Id.* (quoting *Balistrieri*, 779 F.2d at 1202).

The Defendant does not designate any evidence that would lead an informed, reasonable person to conclude that the Court will decide the case on grounds other than the merits or that the undersigned has any personal bias or prejudice against the Defendant. The Defendant's argument that the record lacks any evidence that the undersigned was administered the oath of office is irrelevant. In order for the undersigned to preside over a case, it is only necessary that she has fulfilled her statutory and constitutional requirements for becoming an Article III judge. It is not necessary for the record in any particular case to evidence that these requirements have been met. The undersigned was appointed by the President, confirmed by the Senate, and she was administered the oath of office. She has therefore fulfilled all of the statutory and constitutional requirements for assuming her position as a district court judge. Unless the Defendant has evidence to the contrary, his argument cannot serve as a basis for recusal.

The remainder of the Defendant's arguments for recusal are just different ways of saying that he is unhappy with the Court's rulings. While it is not entirely clear which rulings the Defendant is unhappy with, at a minimum he believes that the Court's dismissal of his counterclaim and "cross-claim" constitutes bias. The Defendant asserts that the Court has only considered "the theories and conclusions of opposing counsel[,] . . . has disregareded Esler C. Walker's procedurally proper motion to sanction Brian Heck[, and] proceeds in clear absence of all jurisdiction." (Mot. to Disqualify 1–2, DE 63.) The Defendant's motion for sanctions remains pending, and to the extent that the Defendant believes the undersigned must recuse herself because he does not agree with her rulings, the law is very clear on this point. Adverse rulings alone do not constitute bias, nor would any informed reasonable observer believe otherwise. *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) ("Without other evidence, we will not find bias merely because a party loses on the merits."). As for the Defendant's argument that the Court lacks subject-matter jurisdiction, that is a basis for dismissal rather than recusal.

**B.      Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The Defendant's motion to dismiss begins by correctly noting that "[f]ederal courts are courts of limited jurisdiction and have a duty to examine their jurisdiction at all times." (Mot. to Dismiss 1, DE 59.) He goes astray from there. The Defendant argues that because the Court is aware that he claims he "is the *de facto* and *de jure* patent-holder of Amaze n Tow," the Court is also aware that the Plaintiffs' suit is baseless and the Court therefore lacks jurisdiction. (*Id.*) This of course would mean that the Court lacks jurisdiction in any suit that is defended, which is not the case. The Defendant has confused a basis for defending the suit with a basis for establishing

4

that there is no jurisdiction.

While the Defendant's arguments do not establish that the Court lacks subject-matter jurisdiction, he is correct that the Court has a duty to continually examine its jurisdiction. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (stating that federal courts must police jurisdiction *sua sponte*). A case must be dismissed if a court lacks jurisdiction over the subject matter of the suit. *Id.* "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir.1998).

The Plaintiff has the burden to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject-matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

The Plaintiffs have alleged in Counts I, II, and III that the Defendant violated the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, by infringing the Plaintiffs' trademarks. The Lanham Act is a federal trademark statute passed by Congress. 28 U.S.C. § 1331 confers jurisdiction upon the Court for these claims. That statute provides that "[t]he district courts shall have original

5

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1338 also confers jurisdiction. That statute provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks." 28 U.S.C. § 1338(a).

The Plaintiffs have also asserted state law claims in Counts IV, V, VI, VII, and VIII. 28 U.S.C. § 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." This diversity of citizenship must be "complete," "meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

The Plaintiffs claim that the Court has diversity jurisdiction over the subject-matter of the state law claims, but the Plaintiffs have failed to plead the necessary allegations for diversity of citizenship in their complaint. According to the complaint, the Defendant is "an individual with a personal residence in Columbus, Georgia." (Compl. 1, DE 1.) Plaintiff J.C. Brown is "an individual with a personal residence in Fort Wayne, Indiana." (*Id.*) Plaintiff Spirit of America Corporation "is an Indiana corporation with its principal place of business in Fort Wayne, Indiana." (*Id.*) Plaintiff Amaze-N-Tow, LLC "is an Indiana limited liability company with its principal place of business in Fort Wayne, Indiana." (*Id.*)

The problem with these allegations is that the "residency" of the parties does not establish diversity because "citizenship is what matters." *Guar. Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).  In order for the Court to exercise diversity jurisdiction,

6

the complaint must plead the citizenship of the parties, not their residency. Furthermore, Plaintiff Amaze-N-Tow, LLC is a limited liability company. While under 28 U.S.C. § 1332 a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located, "the citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (2006). Stating that Amaze-N-Tow is an "Indiana limited liability company" says nothing about that particular Plaintiff's citizenship. Instead, the Court needs to be apprised of the citizenship of each of the LLC's members. Accordingly, the Plaintiff has failed to establish the diversity of the parties. Nonetheless, the Court does have jurisdiction over all the claims in the Plaintiffs' complaint.

When a district court has original jurisdiction over some claims in a complaint, that court also has the discretion to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Two claims are part of the same case or controversy if there is even a loose factual connection between the claims to establish that they "derive from a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). All of the Plaintiffs' state law claims are based on, among other things, the Defendant's alleged use or misuse of the Plaintiffs' trademarks and property related to those trademarks. As such, the Lanham Act claims, which the Court has original jurisdiction over, and the state law claims derive from a common nucleus of operative facts. The Court therefore exercises supplemental jurisdiction over the state law claims.

**C.      Motion to Reconsider**

As mentioned earlier, after the Plaintiffs sued the Defendant for trademark infringement, the Defendant lodged a counterclaim against the Plaintiffs as well as a "cross-claim" against their attorney, Matthew J. Elliot. The Defendant alleged that the Plaintiffs and Elliot committed various RICO violations. The Plaintiffs and Elliot moved to dismiss the counterclaim and "cross-claim." The Court found that the Defendant's allegations of fraud were subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, and under that standard his counterclaim did not state a viable claim of fraud as needed to claim a RICO violation. As for the "cross-claim" against Elliot, the Court found that the Defendant had not effectuated service on Elliot, his claim was not proper under the Federal Rules of Civil Procedure, and his blanket assertions of a right to relief did not allege facts that raise a right to relief above the speculative level. For these reasons, the Court dismissed the counter-claim against the Plaintiffs as well as the "cross-claim" against Elliot.

The Defendant now requests that the Court reconsider its August 6, 2007, order dismissing his counterclaim and "cross-claim." In support of this request, the Defendant makes the following argument:

> This Court rushed to judgment in this Court's earlier dismissal of Esler C. Walker's counterclaim and cross-claim. Regarding both, this Court violated procedure by considering matters not of-record without any evidentiary support whatsoever as a trump to Esler C. Walker Jr.'s sworn-testimony and authenticated evidence. This Court has nothing before it to dispute the factual sufficiency that Esler C. Walker, Jr. is the patent-holder of Amaze n Tow bearing on this Court the non-discretionary duty to recognize that Esler C. Walker Jr.'s opponents have repeatedly committed fraud, title fraud, and mail fraud warranting judgment for and in favor of Esler C. Walker, Jr. on the counterclaim. Also, this Court has nothing before it to verify that Matthew J. Elliott contracted to represent the putative plaintiff in this action warranting the conclusion that Elliott was affiliated solely for the illicit purposes of fraud, title fraud, and mail fraud, charges that Elliot has not denied.

8

(Mot. to Reconsider 7, DE 59.)

Rule 54(b) of the Federal Rules of Civil Procedure provides that until a final judgment is entered, an order that does not adjudicate all of the claims of all of the parties is "subject to revision at any time." Because final judgment has not been entered in this case, the Court may reconsider its orders. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

"The district court's discretion to reconsider a non-final ruling is . . . limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *In re Ski Train Fire*, 224 F.R.D 543, 546 (S.D.N.Y. 2004) (quotation marks omitted). A district court's decisions may not usually be changed unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The Defendant's motion to reconsider does not provide an appropriate basis for reconsidering the August 6, 2007 order. The Defendant has not presented any intervening change of controlling law or newly discovered evidence. The Defendant has not presented any basis for concluding that the Court misapprehended either of the parties' positions or made any manifest errors of law or fact. The Defendant only seeks to rehash old arguments, which is not a proper basis for a motion to reconsider.

## ORDER

For the foregoing reasons, the Defendant's motion to dismiss for lack of jurisdiction and motion to reconsider [DE 59] are **DENIED**. The Defendant's motion to disqualify judge [DE 62] is also **DENIED**. The Defendant's motion for sanctions [DE 55] and motion to disqualify the magistrate judge [DE 63], as well as the Plaintiffs' second motion for extension of time [DE 64] are properly before Magistrate Judge Cosbey and remain pending.

SO ORDERED on January 18, 2008.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT