UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, AND AMAZE-N-TOW, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:06-cv-218 |
| ESLER C. WALKER, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Disqualify Magistrate Judge Cosbey for Cause (DE # 62) filed on November 13, 2007. The Motion is essentially identical to the motion that the Defendant filed on the same day seeking to disqualify District Judge Theresa Springmann, which she denied on January 22, 2008. (*See* Am. Op. & Order (DE # 66).)

The Court does not need to revisit either the factual or procedural background of this case as Judge Springmann gave an ample recitation in her Amended Opinion and Order. (*See* Am. Op. & Order 1-2.) Essentially, the Defendant offers two reasons why the Magistrate Judge should be disqualified, the first being that there is no evidence in the record that the Magistrate Judge was administered the oath of office.[1] (Mot. to Disqualify 1-2.) The Defendant's second

---

[1] On December 8, 2005, and following his reappointment, the Magistrate Judge was administered the oath as prescribed in 28 U.S.C. § 453, and his appointment was entered of record. 28 U.S.C. § 631(g), (h). Consequently, the Defendant's first proffered reason for the Magistrate Judge's disqualification is meritless and warrants no further discussion.

1

reason for disqualification seems to be that the Magistrate Judge is so personally biased against the Defendant that his impartiality might reasonably be questioned, although the basis for the argument appears to be nothing more than various adverse rulings made by both the District Judge and the Magistrate Judge in this case. (Mot. to Disqualify 3-4.)

The Defendant offers two statutes in support of his Motion.  The first, 28 U.S.C. § 144, is only mentioned in the heading of the Motion, although he does appear to try to meet the requirement that any motion be supported by an affidavit.[2] (*See* Mot. to Disqualify 9.)  The affidavit, however, only speaks about District Judge Springmann and makes no mention of the Magistrate Judge.

"Recusal under section 144 is mandatory once a party submits a timely and sufficient affidavit and [his] counsel presents a certificate stating that the affidavit is made in good faith." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199-1200 (7th Cir.1985)).  The affidavit must satisfy two requirements; first, it must be timely. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990).  An affidavit is not "timely" unless it is filed "at the earliest moment after [the movant acquires] knowledge of the

---

[2] The statute provides in full:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

facts demonstrating the basis for such disqualification." *Id.*

Second, an affidavit must be legally sufficient. *Sykes*, 7.F.3d at 1339. "In passing on the legal sufficiency of the affidavit, the Court must assume the truth of the factual assertions even if it 'knows them to be false.'" *Id*. (quoting *Balistrieri*, 779 F.2d at 1199). But, as the Seventh Circuit said in *Sykes*, "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient." *Id*.

Also, the affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source - some source other than what the judge has learned through participation in the case." *Id*. (quoting *Balistrieri*, 779 F.2d at 1199). Accordingly, "[t]he facts alleged in [a disqualification] motion must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party." *Hoffman v. Caterpillar, Inc*., 368 F.3d 709, 718 (7th Cir. 2004). Further, "[t]he factual allegations must fairly support the charge of bias or [partiality] and must be specific-including times, places, persons and circumstances." *Id*. The requirements of this statute are "strictly construed to prevent abuse." *Id.* (citation omitted).

Against these requirements it can readily be seen that the Defendant's affidavit is insufficient. First, as noted, there is no mention of the Magistrate Judge in the Defendant's affidavit. Second, the Motion is untimely, coming some seven weeks after the last entry made by the Magistrate Judge. Finally, there is no showing that the Magistrate Judge harbors any personal bias or prejudice for or against the Defendant or for or against any party in this case. Accordingly, since the Defendant has not met the strict requirements of 28 U.S.C. § 144, it cannot afford a basis for disqualification.

Turning to the second statute seemingly relied upon by the Defendant, 28 U.S.C. §

3

455(a), the Magistrate Judge can hardly improve on the analysis offered by District Judge Springmann.  First, there has been no showing that the District Judge or the Magistrate Judge have done anything whereby their impartiality might reasonably be questioned.  Although it could be concluded that the Defendant is unhappy with some of the Court's rulings, as Judge Springmann aptly noted, "[a]dverse rulings alone do not constitute bias, nor would any informed observer believe otherwise." (Am. Op. & Order 4 (citing *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) ("Without other evidence, we will not find bias merely because a party loses on the merits."))).

To the extent that the Defendant is relying on 28 U.S.C. § 455(b)(1) and its basis for disqualification in those instances where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," he offers no "compelling evidence" to support his Motion. *See Hook v McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *Balistrieri*, 779 F.2d at 1202).  Indeed, the record is totally devoid of any evidence that would suggest bias or prejudice on the part of the Magistrate Judge either for or against any party in this case.  In fact, the Magistrate Judge is not biased against any party in this case.

Accordingly, the Defendant's Motion to Disqualify Magistrate Judge Cosbey for Cause (DE # 62) is DENIED.

SO ORDERED.

Enter: January 23, 2008.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
