**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ESLER C. WALKER,  )<br>)<br>Defendant.  ) | CAUSE NO.: 1:06-CV-218-TS |

**OPINION & ORDER**

This matter is before the Court on the Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 [DE 55]. The Plaintiffs have filed suit against the Defendant alleging that he used the Plaintiffs' trademarks to describe, market, promote, advertise, and sell his products in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*. The Plaintiffs also assert state law claims of unfair competition, replevin, conversion, tortious interference, and breach of duty of loyalty. The Plaintiffs seek injunctive relief and money damages.

The Defendant claims that the complaint [DE 1], notice of appearance [DE 2], motion to dismiss counterclaim [DE 27], brief in support of motion to dismiss counterclaim [DE 28], and response in support of motion to dismiss counterclaim [DE 36] are all sanctionable filings. The Defendant's only allegations in support of this claim are that "Esler C. Walker, Jr. holds an undeniable, United States patent # 5,584,639 interest in AMAZENTOW" and attorney Brian Heck "has actual knowledge that J.C. Brown has committed numerous criminal acts including fraud, mail fraud, and title fraud soiling the hands of both Heck and Brown." (Mot. for Sanctions 1, DE 55.)

In response, the Plaintiffs point to their own trademarks that are registered with the

United States Patent and Trademark Office, specifically the Amaze-N-Tow trademark (registration number 3028685) and the ANT trademark (registration number 3070520). As for the motion to dismiss the counterclaim, the Plaintiffs note that the Court granted the motion.

> Rule 11(b) provides:
>
> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If a court determines that this provision has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The Defendant's belief that he has an interest in U.S. Patent 5,584,639 by itself is inadequate to establish any of the elements of Rule 11(b)(1)–(4). That the Defendant disagrees that he has violated the Plaintiffs' trademarks merely demonstrates that he disputes the Plaintiffs' claims; it does not in anyway demonstrate that the Plaintiffs lack a good faith basis for asserting their legal and factual contentions. Because the Defendant has failed to make any of the Rule

11(b)(1)–(4) showings, his motion for sanctions [DE 55] must be denied.

## ORDER

For the foregoing reasons, the Defendant's motion for sanctions [DE 55] is DENIED.

SO ORDERED on March 3, 2008.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT