UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                       FORT WAYNE DIVISION

J.C. BROWN, SPIRIT OF AMERICA         )
CORPORATION, and AMAZE-N-TOW, LLC,    )
                                      )
        Plaintiffs,                   )
                                      )
        v.                            )    CAUSE NO.: 1:06-CV-218-TLS
                                      )
ESLER C. WALKER,                      )
                                      )
        Defendant.                    )

                            **OPINION AND ORDER**

This matter is before the Court on the following motions/notices filed by the parties: (1) the Plaintiffs' Motion for Sanctions Against Defendant for His Failure to Appear at Mediation [DE 72]; (2) the Defendant's Notice Under Authority of F.R.E. R 201(d) [DE 79]; (3) the Defendant's Second Notice Under Authority of F.R.E. R. 201(d) [DE 84]; (4) the Plaintiffs' Motion to Strike Defendant's Second Notice to Court [DE 85]; (5) the Defendant's Motion for Summary Judgment [DE 87]; (6) the Plaintiffs' Motion to Strike the Defendant's Motion for Summary Judgment [DE 99]; and (7) the Plaintiffs' Motion to Strike the Defendant's Exhibits in Support of His Motion for Summary Judgment [DE 101]. These Motions are now briefed and ripe for ruling.

**A.    The Plaintiffs' Motion for Sanctions Against Defendant for His Failure to Appear at Mediation [DE 72]**

In their Motion for Sanctions, the Plaintiffs ask the Court to sanction the Defendant for his failure to appear at the mediation scheduled for February 5, 2008. In support of their Motion, the Plaintiffs filed a Brief [DE 73] as well as the Affidavit of Brian C. Heck [DE 74] and the

Affidavit of J.C. Brown [DE 77], but they did not designate any evidence in the record indicating what, if any, costs the mediator incurred. On July 15, 2008, the Court ordered the Plaintiffs to produce any evidence they have showing the expenses incurred by the mediator and the Defendant to file any written response to the Plaintiffs' Motion for Sanctions, along with any evidence he has establishing that he gave notice that he would not be attending the mediation. On July 23, the Plaintiffs filed a Notice Regarding Mediation Fees in Conjunction with Their Motion for Sanctions [DE 93], indicating that the mediator is not charging the Plaintiffs for any of his services related to the mediation and that the Plaintiffs are not seeking reimbursement for any of the mediator's fees. On July 31, the Defendant filed a Brief in Opposition to the Putative Motion to Sanction and Notices to the Honorable Theresa L. Springmann of Criminal Violations/Notice to Theresa L. Springmann Under Authority of Title 18, Appendix, Rule 6, and Title 18 Section 3332 [DE 95]. On August 4, the Defendant filed what appears to be a duplicate copy [DE 96] of the Brief in Opposition that he filed on July 31.

On March 8, 2007, the Plaintiffs filed their Proposed Report of Parties' Planning Meeting [DE 35] in which they informed the Court that they would be willing to participate in mediation if the Defendant would be willing to do so. On March 15, 2007, Magistrate Judge Roger B. Cosbey met with the parties for a Rule 16 Preliminary Pretrial Conference, appointed John Whiteleather to mediate this dispute, and directed the parties to file the results of the mediation no later than ten days before the final pretrial conference.

In a Report of Mediation [DE 69] filed on February 12, 2008, Mr. Whiteleather represented to the Court that he sent a notice of mediation to all of the parties on June 6, 2007, informing them that the mediation was scheduled for February 5, 2008, at 9:00 a.m. Mr.

2

Whiteleather sent the notice to the Defendant by certified mail with return receipt requested, and the Defendant signed that he received the certified mail. The Plaintiffs and their counsel appeared for the mediation on February 5, 2008, at 9:00 a.m. at Mr. Whiteleather's office in Columbia City, Indiana. Plaintiff J.C. Brown drove from his home in Boiling Springs, South Carolina to attend the mediation. (Aff. of J.C. Brown ¶ 5, DE 77.) The Defendant, however, did not appear for the mediation. Mr. Whiteleather placed telephone calls in an attempt to communicate with the Defendant to learn the reason for his absence. Mr. Whiteleather left a message on an answering machine that played a message identifying the Defendant, "Butch Walker." A woman who identified herself as Mrs. Walker answer the telephone when Mr. Whiteleather placed a follow-up call, and she indicated that she would contact the Defendant and have him communicate with Mr. Whiteleather. From the Report of Mediation, it does not appear that the Defendant returned Mr. Whiteleather's calls or that the Defendant gave any advance notice to the Plaintiffs or the mediator indicating that he would not be participating in the scheduled mediation,[1] and Mr. Whiteleather was never able to reach the Defendant. In their Affidavits, Mr. Heck and Mr. Brown attest that the Defendant did not inform either of them before the mediation that he would not be attending the mediation. (Aff. of Brian C. Heck ¶ 6, DE 74; Aff. of J.C. Brown ¶ 7, DE 77.)

The Plaintiffs are requesting that the Court sanction the Defendant in the amount of $2803.44 for the fees and expenses they incurred as a result of the Defendant's failure to appear

---

[1] During a telephone conference on July 1, 2008, the Defendant represented to the Court that he had in fact notified the mediator's secretary in advance that he would not be participating. However, that statement was not under oath, and there is nothing in the record indicating that he gave any such notice. The Defendant also told the Court that his only reason for not showing up was that he wants the case resolved through a trial rather than mediation.

3

at the mediation. The amount requested is based on $650.44 in mileage costs for Mr. Brown (calculated at the IRS mileage rate of $.505) and $2,153.00 in attorneys' fees. The attorneys' fees are the total of Mr. Elliott's 3.7 hours (at $225 per hour) in preparing for, traveling to, and attending the mediation, Mr. Heck's 4.95 hours (at $190 per hour) for the same, and Mr. Heck's 2 hours (at $190 per hour) in researching and preparing the Motion for Sanctions. The Court notes that a mileage rate of $.505 applied to 1242 miles (621 miles each way) actually totals $627.21.[2] With this minor adjustment, the total amount of fees and costs incurred would be $2780.21.

      The Defendant initially failed to respond to or otherwise oppose the Plaintiffs' Motion for Sanctions. On July 15, the Court ordered him to file any written response and evidence relevant to the Motion for Sanctions. The Defendant filed a Brief in Opposition on July 31 and again on August 4. In his Brief in Opposition, the Defendant does not dispute any of the cost amounts submitted by the Plaintiffs or provide evidence that he gave notice that he would not be attending the February 5 mediation. Instead, the Defendant argues that the Motion for Sanctions does not comply with Federal Rule of Civil Procedure 11, suggests that the Court cannot lawfully consider the Motion for Sanctions, and asserts that the Plaintiffs' claims in this case amount to a fraud on the Court. Additionally, the Defendant cites a string of cases that are irrelevant to the issue before the Court in this Motion for Sanctions, gives the Court what he calls "notice" of alleged criminal violations by the Plaintiffs, and asks the Court to assist in the arrest and prosecution of the Plaintiffs, to dismiss the Plaintiffs' claim, and to impose Rule 11

---

[2] The Plaintiffs' calculation of mileage costs appears to be based upon 1288 miles at the IRS mileage rate, but the materials submitted by the Plaintiffs indicate that Mr. Brown traveled 1242 miles round-trip to attend the mediation.

sanctions on Plaintiffs' counsel. These arguments by the Defendant are without merit in opposing the Plaintiffs' Motion for Sanctions, and his requests that the Court dismiss the Plaintiffs' claims and impose Rule 11 sanctions on Plaintiffs' counsel do not comply with the applicable procedural rules.

The Plaintiffs have not moved for sanctions pursuant to Federal Rule of Civil Procedure 11; instead, their request for sanctions stems from this Court's procedural rules and the rules governing alternative dispute resolution in Indiana. Local Rule 16.6(a) of the United States District Court for the Northern District of Indiana provides that the Court "may order mediation or early neutral evaluation in any civil case." On March 15, 2007, Judge Cosbey by Order [DE 38] appointed the mediator and directed that the results of the mediation be filed with the Court no later than ten days before the final pretrial conference. The local rules also provide that the Indiana Rules for Alternative Dispute Resolution (Indiana ADR rules) "apply to all Alternative Dispute Resolution Processes." N.D. Ind. L. R 16.6(c). The Indiana ADR rules provide that "[a]ll parties, attorneys with settlement authority, representatives with settlement authority, and other necessary individuals shall be present at each mediation conference to facilitate settlement of a dispute unless excused by the court." Ind. ADR R. 2.7(B)(2). The Indiana ADR rules further provide that "[u]pon motion by either party and hearing, the court may impose sanctions against any attorney, or party representative who fails to comply with these mediation rules, limited to assessment of mediation costs and/or attorney fees relevant to the process." Ind. ADR R. 2.10.

Because the Defendant failed to appear at the Court-ordered mediation without cause, without permission from the Court, and without notifying the Plaintiffs, their counsel, the

mediator, or the Court, the Court finds that sanctions are warranted in this case. Additionally, the Plaintiffs' request for sanctions is reasonable, being limited to the travel costs incurred by Mr. Brown to attend the mediation and the attorney's fees of Mr. Heck and Mr. Elliott related to preparing for, traveling to, and attending the mediation. For these reasons, the Court will grant the Plaintiffs' Motion for Sanctions Against Defendant for his Failure to Appear at Mediation [DE 72] and sanction the Defendant in the amount of $2780.21.

**B.     The Defendant's Notice Under Authority of F.R.E. R 201(d) [DE 79]; the Defendant's Second Notice Under Authority of F.R.E. R. 201(d) [DE 84]; and the Plaintiffs' Motion to Strike Defendant's Second Notice to Court [DE 85]**

The Defendant has filed two "Notices" with the Court. Although it is not apparent from the face of these Notices what the Defendant is requesting of the Court, it is possible that the Defendant is asking the Court to take judicial notice of certain facts or that the Defendant is attempting to assert claims against the Plaintiffs. The Plaintiffs have asked the Court to strike the Defendant's Second Notice [DE 84], and the Defendant has filed a response in opposition to the Plaintiffs' Motion to Strike.

To the extent that the Defendant's Notices can be construed as motions requesting the Court to take judicial notice of certain facts under Federal Rule of Evidence 201, the Defendant's Notices/motions to take judicial notice will be denied. When parties request, Federal Rule of Evidence 201 permits courts to take judicial notice of facts, and the facts judicially noticed are conclusively established, which dispenses with the need for formal proof in a case. Fed. R. Evid. 201; *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Under Rule 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in

that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (stating that "[i]n order for a fact to be judicially noticed, indisputability is a prerequisite"). The alleged facts of which the Defendant appears to want the Court to take judicial notice—namely, that Plaintiff Brown attempted to defraud and "attempted abetment" to defraud Defendant Walker, that Plaintiff Brown has harassed, assaulted, and made a veiled threat to Micah S. Walker, that Plaintiffs' counsel has intentionally defrauded Defendant Walker, and that certain patents have been violated—are not the sort of facts that are judicially noticed. Clearly, these "facts" are neither generally known within the Court's territorial jurisdiction, nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

To the extent that the Defendant's Notices can be construed as motions to amend the Defendant's pleading, the Notices/motions to amend pleadings will be denied. When a party is not entitled to amend a pleading as a matter of course, Rule 15(a)(2) permits "a party to amend its pleading only with the opposing party's written consent or the court's leave." In their Motion to Strike, the Plaintiffs make it clear that they do not consent to the Defendant amending his pleading. Furthermore, the Defendant has not presented a meritorious basis for the Court to grant him leave to amend his pleading. Pursuant to the Proposed Report of the Parties' Planning Meeting [DE 35], Judge Cosbey ordered on March 15, 2007, that May 11, 2007, was the last day for the Defendant to join additional parties and to amend the pleadings. On January 1, 2008, Judge Cosbey by Order [DE 68] extended the discovery deadline to April 22, 2008. The

Defendant filed his Notices nearly a year after the deadline for joining parties and amending the pleadings had passed. Furthermore, the Defendant filed his first Notice just a few weeks before the discovery deadline passed and his second Notice almost two months after discovery closed. In addition to the delay that an amendment to the Defendant's pleading would cause, the Defendant seeks to bring in a range of different claims and issues—including fraud, unauthorized use, patent violation, harassment, assault, and threatening conduct—that would expand the scope of this case (after discovery has closed). Additionally, the Defendant's fraud allegations are lacking in particularity. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) (stating that "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile").

For these reasons, the Defendant's Notices/motions [DE 79 & 84] will be denied. As a consequence, the Plaintiffs' Motion to Strike Defendant's Second Notice to Court [DE 85] is rendered moot and will be denied as such.

**C.     The Defendant's "Motion for Summary Judgment" [DE 87]; the Plaintiffs' Motion to Strike the Defendant's Motion for Summary Judgment [DE 99]; and the Plaintiffs' Motion to Strike the Defendant's Exhibits in Support of His Motion for Summary Judgment [DE 101]**

On July 7, 2008, the Defendant filed a Memorandum of Law in Support of Motion for Summary Judgment [DE 87]. In this Memorandum of Law, the Defendant recites procedural rules and standards applicable to motions for summary judgment. The Defendant does not, however, cite legal standards or authorities governing the trademark infringement, false designation of origin, federal and state unfair competition, replevin, conversion, tortious

8

interference, and breach of duty of loyalty claims that are at issue in this case. Because the Defendant has filed no document that would appear to be a motion for summary judgment, the Court will construe his Memorandum of Law to be a "Motion for Summary Judgment," but then his "Motion for Summary Judgment" would lack a separate supporting brief, as Local Rule 7.1(b) requires. In addition to this Memorandum of Law, the Defendant submitted documents entitled "Exhibits in Support of Elser C. Walker, Jr.'s Motion for Summary Judgment" [DE 88], which is accompanied by nearly two hundred pages of copied print-outs, papers, and documents, and entitled "Statement of Undisputed Facts" [DE 89]. In his "Exhibits" document, the Defendant includes legal conclusions and an array of assertions that are conclusory, speculative, and not supported by personal knowledge. In his "Statement of Undisputed Facts" document, the Defendant fails to support his statement "by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party contends there is no genuine issue," as Local Rule 56.1(a) requires.

On August 6, the Plaintiffs filed a Brief in Opposition to Defendant's Motion for Summary Judgment [DE 97], in which the Plaintiffs note the Defendant's "Motion for Summary Judgment" fails to comply with applicable procedural rules, and dispute the Defendant's legal conclusions and assertions in his "Statement of Undisputed Facts." In their Brief in Opposition, the Plaintiffs also designated evidence that they believe creates genuine issues of material fact, with appropriate citations to evidentiary materials included in the Appendix [DE 98]. Also on August 6, the Plaintiffs filed a Motion to Strike the Defendant's Motion for Summary Judgment [DE 99] and Brief in Support [DE 100] as well as a Motion to Strike the Defendant's Exhibits in Support of His Motion for Summary Judgment [DE 101] and Brief in Support [DE 102]. In these

9

Motions, the Plaintiffs point out what is obvious from the face of the Defendant's "Motion for Summary Judgment"—the Defendant's submissions fail to comply with the Court's procedural rules. On August 28, the Defendant filed a Brief in Opposition [DE 103] to the Plaintiffs' Motions to Strike, arguing that the Plaintiffs' Motions are substantive and procedural nullities, impertinent, and insufficient.[3]

The Court notes that the Defendant (the movant in the case of this "Motion for Summary Judgment) is proceeding pro se. Even though pro se filings are liberally construed, pro se litigants still must follow procedural rules, and district courts have discretion to enforce those rules. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002); *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001). Additionally, the Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000).

Having considered the Defendant's "Motion for Summary Judgment" (including the Memorandum of Law, the "Exhibits" document, and the "Statement of Undisputed Fact" document) and the Plaintiffs' Motions to Strike, the Court finds the Plaintiffs' Motions to Strike to be well-founded and will strike the Defendant's "Motion for Summary Judgment" [DE 87] and "Exhibits" [DE 88]. The Defendant's "Motion for Summary Judgment" fails to comply with Local Rule 56.1, in that it lacks a supporting brief and does not include a "Statement of Material

---

[3] It would appear that the Defendant attempts to include within his Brief in Opposition a Motion to Strike the Plaintiff's Motions to Strike. The Defendant has thus failed to comply with Local Rule 7.1(b), which requires that each motion be separate. Additionally, he provides no procedural basis for his request that the Plaintiffs' Motions be stricken. For these reasons, the Court will treat what the Defendant calls a Motion to Strike as part of his Brief in Opposition and not as a separately filed motion.

Facts" supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence. Furthermore, the Defendant's "Motion" does not identify the relief he is seeking, does not address the specific claims asserted by the Plaintiffs, and does not include legal argument showing why he is entitled to judgment as a matter of law on the Plaintiffs' claims. Likewise, the Defendant's "Exhibits" document includes legal conclusions and assertions that are conclusory, speculative, and not supported by personal knowledge, and the materials attached to the "Exhibits" document suffer from a host of deficiencies that raise questions regarding admissibility, including the lack of foundation, the hearsay nature of materials, and inadmissible offers to compromise. With many of these materials, the Court is left to guess what the documents are, why the Defendant is offering them, and how they relate to the underlying claims. Thus, the Defendant's "Motion for Summary Judgment" and exhibits must be stricken.

**ORDER**

For the foregoing reason, the Court now ORDERS:

(1) That the Plaintiffs' Motion for Sanctions Against Defendant for his Failure to Appear at Mediation [DE 72] IS GRANTED, and the Defendant IS ORDERED to pay the Plaintiffs sanctions in the amount of $2780.21 for the fees and costs incurred by the Plaintiffs when the Defendant failed to be present for a Court-ordered mediation. The Defendant shall remit $2780.21 to the Plaintiffs by November 24, 2008.

(2) That the Defendant's Notice Under Authority of F.R.E. R 201(d) [DE 79] IS DENIED.

(3) That the Defendant's Second Notice Under Authority of F.R.E. R. 201(d) [DE 84] IS DENIED.

(4) That the Plaintiffs' Motion to Strike Defendant's Second Notice to Court [DE 85] IS DENIED AS MOOT.

(5) That the Plaintiffs' Motion to Strike the Defendant's Motion for Summary Judgment [DE 99] and the Plaintiff's Motion to Strike the Defendant's Exhibits in Support of His Motion for Summary Judgment [DE 101] ARE GRANTED, and the Defendant's "Motion for Summary Judgment" [DE 87] IS STRICKEN.

The Court will by separate order set a telephone conference to reset pretrial and trial dates.

SO ORDERED on October 31, 2008.

          s/ Theresa L. Springmann
          THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT