UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 1:06-CV-218-TLS ) |
| ESLER C. WALKER, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Vacate This Court's Order Sanctioning Esler C. Walker, Jr. for Failing to Attend a Mediation Session [DE 110] and the Defendant's Motion to Vacate This Court's Denial of Esler C. Walker, Jr.'s Mandatory Judicial Notices on Grounds That This Court Has Shown Contempt for the Rule of Law [DE 111]. The Defendant filed these Motions on December 10, 2008. On December 31, the Plaintiffs filed a Response [DE 118] opposing the Defendant's Motions.

On October 31, the Court entered an Opinion and Order in which it ruled upon several motions. In that Opinion and Order, the Court ordered the Defendant to pay the Plaintiffs sanctions by November 24, 2008, in the amount of $2780.21 for the fees and costs incurred by the Plaintiffs when the Defendant failed to be present for a Court-ordered mediation. In its October 31 Opinion and Order, the Court also denied the Defendant's requests that the Court take judicial notice of certain matters.

In his Motion to Vacate This Court's Order Sanctioning Esler C. Walker, Jr. for Failing to Attend a Mediation Session [DE 110], the Defendant argues that the Court lacked jurisdiction to order mediation, that the Court's sanction represents a violation of 18 U.S.C. § 241 (the civil

rights conspiracy statute), and that the Court has a non-discretionary duty to vacate its order sanctioning him for failing to be present for the Court-ordered mediation. In his Motion to Vacate This Court's Denial of Esler C. Walker, Jr.'s Mandatory Judicial Notices on Grounds That This Court Has Shown Contempt for the Rule of Law [DE 111], the Defendant argues that the Court has a duty to take notice of certain alleged facts and enter judgment in his favor and that the Court has a non-discretionary duty to vacate its order refusing to take judicial notice. In their Response [DE 118], the Plaintiffs represent to the Court that they have not received any of the money the Court ordered the Defendant to pay. The Plaintiffs also argue that the Defendant has not set forth any valid argument for overturning the Court's decision to issue sanctions or to deny the Defendant's requests that the Court take judicial notice of certain alleged facts. Furthermore, the Plaintiffs suggest that additional sanctions are warranted because of the Defendant's failure to comply with the Court's October 31, 2008 Opinion and Order. The Plaintiffs have not filed a separate motion seeking additional sanctions, and thus the Plaintiffs have not formally brought this matter before the Court for ruling.

Although the Defendant styles his Motions as Motions to Vacate, his request is basically for the Court to reconsider its rulings on sanctions and judicial notice. In a motion to reconsider, a party asks the Court to reexamine a decision in light of additional legal arguments, a change of law, or an argument that was overlooked. *See Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004). Where no final judgment has been rendered, the Court considers a motion to reconsider under its inherent power to modify, rescind, and reconsider interlocutory orders before final judgment. *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985).

In its October 31 Opinion and Order, the Court considered the Defendant's arguments

and the applicable rules and legal standards, and the Defendant has not provided a sufficient basis for the Court to change its mind regarding its rulings. The Defendant has cited no authority to support his claim that the Court lacked jurisdiction to order mediation, and this civil case provides the Defendant no forum for pressing his allegation that the Court's sanction violates 18 U.S.C. § 241. Additionally, the Defendant evidences a misunderstanding of Federal Rule of Evidence 201, and the factual allegations as to which he seeks judicial notice (and upon which he wants the Court to enter judgment) are not of the kind that warrant judicial notice. The Court will, therefore, deny the Defendant's requests to vacate its rulings as to sanctions and judicial notice.

**ORDER**

For the foregoing reason, the Court now DENIES the Defendant's Motion to Vacate This Court's Order Sanctioning Esler C. Walker, Jr. for Failing to Attend a Mediation Session [DE 110] and the Defendant's Motion to Vacate This Court's Denial of Esler C. Walker, Jr.'s Mandatory Judicial Notices on Grounds That This Court Has Shown Contempt for the Rule of Law [DE 111].

SO ORDERED on February 3, 2009.

                                                      s/ Theresa L. Springmann
                                                      THERESA L. SPRINGMANN
                                                      UNITED STATES DISTRICT COURT