**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW®, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:06-CV-0218 |
| vs. | ) ) ) | |
| ESLER C. WALKER, | ) ) | |
| Defendant. | ) | |

<u>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH SUBPOENAS DUCES TECUM ISSUED TO BRIAN FUNNELL, PAUL O'MALLEY, AND SUSAN FIRESTONE, MOTION FOR SHOW CAUSE ORDER, AND MOTION FOR SANCTIONS AGAINST THE DEFENDANT**</u>

The Plaintiffs, J.C. Brown, Spirit of America Corporation, and Amaze-N-Tow, LLC, by counsel, submit this Brief in Support of their Motion to Quash Subpoenas Duces Tecum issued to Brian Funnell, Paul O'Malley, and Susan Firestone, Motion for Show Cause Order, and Motion for Sanctions against the Defendant.

I.      <u>Background.</u>

On March 15, 2007, a Rule 16 Preliminary Pre-Trial Conference was held in this matter. (Docket Entry No. 38.)   At that time, the Court set October 15, 2007 as the deadline for completing discovery.   (<u>Id.</u>)  On September 26, 2007, the Court issued an Order extending the deadline for completing discovery to January 23, 2008.  (Docket Entry No. 60.)  On January 29, 2008, the Court issued a second Order extending the deadline for completing discovery to April 22, 2008.  (Docket Entry No. 68.)  The Parties had over a year to complete discovery in this matter.  On May 29, 2008, the Court issued a bright line notice, which stated:

> [b]ecause the discovery period in this case has now concluded and there are no pending non-dispositive motions, the referral to Magistrate Judge Roger B Cosbey is now terminated. All further matters will now be handled by Judge Theresa L Springmann unless otherwise directed.  This entry constitutes the court's order on this matter and shall carry the same weight and authority as a written order signed by the judge.

(Docket Entry No. 80.)  On December 22, 2008, the Court set this matter for a jury trial to begin on June 9, 2009.  (Docket Entry No. 115.)  Based on the Defendant's inability to provide opposing counsel and/or the Court with his portions of the pre-trial order within the timeframe set by the Court, the trial date was vacated.  (Docket Entry Nos. 137, 141.)  Then on June 9, 2009, thirteen and a half (13½) months after discovery had closed, the Defendant issued subpoenas duces tecum and accompanying requests for production of documents on Brian Funnell, Paul O'Malley, and Susan Firestone.  (B. Heck Aff.)

Since these subpoenas duces tecum and accompanying requests for production of documents were served outside of the timeframe set for discovery in this matter, the Plaintiffs are requesting that the Court quash the subpoenas duces tecum.  It is possible that the Defendant sent out other subpoenas duces tecum and accompanying requests for production that the Plaintiffs are not aware of.  As a result, the Plaintiffs are seeking a show cause order under which the Defendant would inform the Court of any other subpoenas duces tecum and requests for production that he sent out.  Since the Defendant's actions are in clear violation of the deadlines set by the Court, the Plaintiffs are asking that sanctions be imposed against the Defendant.

II.    Argument.

The production of documents and things from non-parties is accomplished by a subpoena duces tecum under Rule 45 of the Federal Rules of Civil Procedure.  A Rule 45 subpoena duces tecum constitutes "discovery," which must be filed and served prior to the close of the discovery

period.  See Garvin v. S. States Ins. Exch. Co., 2007 WL 2463282, *3 (N.D. W.Va. 2007).  The

proper method for addressing a "discovery subpoena" that is issued after the close of discovery is

to quash or deny the subpoena.  For example, in the case of Revander v. Denman, 2004 WL

97693 (S.D.N.Y. 2004), the defendant asked the court to issue three subpoenas duces tecum

requesting "any and all records regarding the incarceration of the [p]laintiff" a month after

discovery had closed.  2004 WL 97693, *1.  The court denied the defendant's request to have the

subpoenas duces tecum issued.  In denying the defendant's request, the court stated:

> when a [party] is aware of the existence of documents before the discovery cutoff
> date and issues discovery requests including subpoenas after the discovery
> deadline has passed, then the subpoenas and discovery requests should be denied.

Id. at *2 (citing McNerney v. Archer, Daniels, Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y.

1995)).

In the case of Rice v. U.S., 164 F.R.D 556 (N.D. Okl. 1995), the defendant issued

subpoenas duces tecum seeking medical, school, and Social Security records of the plaintiff after

the discovery cut off date.  164 F.R.D. at 556-57.  In response, the plaintiff filed a motion to

quash the subpoenas duces tecum.  Id. at 557.  In granting the plaintiff's motion to quash the

subpoenas, the court stated:

> [t]he information sought by [d]efendant through the Rule 45 subpoenas duces
> tecum should have been obtained during discovery.  The undersigned is of the
> opinion that, by setting a discovery deadline, the Court intended to limit the time
> during which the parties could serve discovery requests or invoke the Court's
> subpoena power to obtain documents from third parties.  If [d]efendant believed
> the information to be of importance to its case, it could have attempted to show
> good cause for modifying the deadlines.  Defendant was not free, however, it
> issued subpoenas duces tecum after the discovery deadline.

Id. at 558.

Here, thirteen and a half (13½) months after discovery had closed, the Defendant has

issued subpoenas duces tecum and accompanying requests for production of documents to Brian

Funnell, Paul O'Malley, and Susan Firestone.  The Defendant never requested that the Court reopen discovery, nor has he made any showing that he could not have served his non-party request for production while discovery was still open.  In fact, a review of the previous pleadings that he has filed in this case make it clear that he is seeking information that he could have asked for prior to the close of discovery.  (See e.g. Docket Entry Nos. 40, 41, 42, 55.)  As a result, the Defendant's actions are just another example of his failure to abide by the deadlines set by the Local Rules and the Court.  (See Docket Entry Nos. 120, 121, 124, 125, 129, 130.)  Since the Defendant has served subpoenas duces tecum and accompanying requests for production of documents on Brian Funnell, Paul O'Malley, and Susan Firestone after discovery has closed, the Plaintiffs respectfully request that the Court issue an order quashing these subpoenas duces tecum.

At this time, the Plaintiffs do not know if the Defendant has sent out subpoenas duces tecum and accompanying requests for production of documents to other non-parties.  Since discovery has closed, the Plaintiffs are asking the Court to issue a show cause order directing the Defendant to provide the Court and the Plaintiffs with the names and addresses of any other non-parties that the Defendant has sent subpoenas duces tecum and accompanying requests for production of documents to so the Plaintiffs can take the necessary steps to quash those subpoenas duces tecums too.

As the Plaintiffs have previously argued, a scheduling order from a court "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191, 1198 (N.D. Iowa 1994) (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).  Disregarding such an order placed unnecessary burden and costs on the courts and counsel who "litigate these days under the

burden of heavy caseloads and clogged court calendars." Id. The Defendant's disregard of the discovery deadline set by the Court has resulted in the Plaintiffs having to expend time and money to quash the Defendant's untimely subpoenas duces tecum and accompanying requests for production. Therefore, the Plaintiffs are asking that the Court issue sanctions against the Defendant for his actions.

As the Plaintiffs mentioned in their Brief in Support of Plaintiffs' Motion for Additional Sanctions Against Defendant for his Failure to Comply with the Court's October 31, 2008 Order, it does not appear that monetary sanctions are effective against the Defendant. (Docket Entry No. 121.) In addition, at this time, the Plaintiffs' Motion for Additional Sanctions Against Defendant for his Failure to Comply with the Court's October 31, 2008 Order and the Plaintiffs' Motion for Entry of Default Judgment Against Defendant as Sanctions for the Defendant's Failure to Comply with the Court's Order of December 22, 2008, which Required Defendant to Provide Plaintiffs with his Portion of Pre-Trial Order by May 20, 2009 are still pending before the Court. (Docket Entry Nos. 120, 121, 129, 130.) As a result, the Plaintiffs request that the Court enter additional sanctions against the Defendant that it deem appropriate in light of the fact that monetary sanctions do not appear to be effective against the Defendant and in light of the two motions for sanctions that are already pending against the Defendant.

Respectfully submitted,

BECKMAN LAWSON, LLP

 /s/ Brian C. Heck
Matthew J. Elliott, #21242-02
 melliott@beckmanlawson.com
Brian C. Heck, #22389-02
 bheck@beckmanlawson.com
Post Office Box 800
200 East Main Street
Fort Wayne, Indiana 46801-0800
Telephone:  260.422.0800
Facsimile:  260.420.1013

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 22, 2009, he sent this document by e-mail to amazentow@earthlink.net and Esler.Walker@earthlink.net and deposited it in the United States Postal mail to be mailed by first class mail to the following:

Esler C. Walker, Jr.
166 Cherry Stone Walk
Dahlonega, GA 30533

 /s/ Brian C. Heck
Brian C. Heck