UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF ) | | |
| AMERICA CORPORATION, ) | | |
| and AMAZE-N-TOW, LLC ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | CAUSE NO.: 1:06-CV-218-TS | |
| ) | | |
| ESLER C. WALKER, ) | | |
| ) | | |
| Defendant. ) | | |

**OPINION AND ORDER**

This matter is before the Court on a bevy of motions filed by the Plaintiffs, J.C. Brown et al., and the Defendant, Esler Walker. Between March 13, 2009, and July 10, 2009, eleven motions were filed in this cause. All relate in some form or another to the Plaintiffs' request for this Court to enter default judgment in its favor as a sanction for the Defendant's failure to comply with court orders, as well as his serial filing of frivolous motions. As the Plaintiffs motions are dispositive as to all other motions, the Court here addresses the Plaintiffs' Motion for Default Judgment as to Sanctions [DE 129], and Motion for Default Judgment as to Sanctions Against Defendant for His Failure to Comply with the Court's Order [DE 155], filed on June 26, 2009. For the reasons stated herein, the Plaintiffs' Motions will be granted.

# BACKGROUND[1]

For the past two years, the Defendant has been afforded every opportunity to litigate his case, only to respond with intransigence. The procedural history of this case, though lengthy and labyrinthine, bears directly on the outcome of the Plaintiffs' Motions. It will therefore be recounted at length.

On May 30, 2006, the Plaintiffs filed a Complaint [DE 1] against the Defendant, alleging trademark infringement, false designation of origin under the Lanham Act, unfair competition under the Lanham Act as well as Indiana law, replevin, conversion, tortious interference, and breach of duty of loyalty. According to the Complaint, the Defendant had been using the Plaintiffs' trademarks to describe, market, advertise, and sell products on his personal website. On July 28, 2006, the Clerk made an Entry of Default [DE 9] as to the Defendant for his failure to plead or otherwise defend as provided by Fed. R. Civ. P. 55(a). The Court granted Default Judgment [DE 11] on August 4. However, on December 1, the Court found that the Defendant was not properly served process, and the Judgment was set aside [DE 19].

On February 5, 2007, the Defendant filed his Answer [DE 23] to the Complaint; a Counterclaim against the Plaintiffs, apparently for fraud; as well as a Third Party Complaint against Matthew J. Elliott, an attorney in the case, alleging violations of the RICO act ("A jury shall determine that Matthew J. Elliot [sic] advanced the scheme of fraud perpetrated by J.C. Brown. The rule of law provides that the court apportion damages [to] . . . those Elliot has

---

[1]While unrelated to the instant cause, the Court notes that the Defendant has filed a *pro se* Complaint in the Northern District of Indiana, against Defendants James Channing Brown, Creative Building Products, Brian Funnel, Beckman Lawson Todd Brown, PRO-PALLET Company, AMAZE-N-TOW LLC, Jim Labeau, Cindy Ralph, Spirit of America Corporation, Susan Lorraine Firestone, Gerard Muegerl, Paul W. O'Malley, and Brian C. Heck. The facts in that cause seem to be substantially similar to those in this. The action is before the Honorable Joseph Van Bokkelen and has been docketed as 1:09-CV-189.

effectively defrauded in this and other similar scams aided and abetted by Elliot."). On February 26, the Plaintiffs filed a Motion to Dismiss the Counterclaim [DE 26], which was ultimately granted on August 6, in an Opinion and Order by this Court [DE 51]. In the same Order, the Court dismissed the claim against Elliott.

On June 4, 2007, the Defendant filed a Motion for Summary Judgment [DE 40]. The Defendant did not attempt to argue that he was entitled to summary judgment; rather, he made unsupported assertions that Elliott was not in fact an attorney, and that the Plaintiffs were criminally guilty of "fraud, mail fraud, and title fraud." A week later, the Court granted Plaintiffs' Motion for Extension of Time to Respond [DE 43] to the Motion for Summary Judgment. After the Plaintiffs' Motion had been granted, the Defendant filed an Objection and Motion to Strike the Plaintiffs' so-called Motion for Extension of Time to Respond to the Motion for Summary Judgment [DE 45], the gist of which was that plaintiffs' counsel "scandalizes these proceedings with [his] confession that . . . [he] needs an indefinite length of time to see if [he] can come up with some shred of evidence . . . ." The Defendant's Motion was denied [DE 47], and the Motion for Summary Judgment was eventually denied as moot [DE 51].

On August 24, 2007, the Defendant filed a Motion for Sanctions [DE 55] asking the Court "to amend [plaintiff counsel's] habit of tricking, deceiving, and manipulating this Court . . . ." On September 24, the Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 59]. This filing also contained a Motion to Vacate the Court's earlier order to grant the Motion to Dismiss Counterclaim, and renewed a call for sanctions against plaintiff's counsel. The Defendant then filed a pair of motions on November 13. The first [DE 62] was a Motion to Disqualify Judge Roger B. Cosbey; the nineteen-page motion claimed that Cosbey had "not taken

the required oath and maintained the oath at Cosbey's place of service for public inspection." A sister motion [DE 63] was an exact duplicate, save for its replacing of the name "Roger B. Cosbey" with "Theresa L. Springmann." On January 22, 2008, the Court issued an Opinion and Order Denying Walker's Motion to Dismiss, as well as his Motion to Disqualify Judge Springmann [DE 66]. The following day, the Court denied the Defendant's Motion to Disqualify Judge Cosbey [DE 67], finding that the Magistrate Judge had taken the oath of office, and had no personal bias against the Defendant. On March 3, the Court denied the Defendant's Motion for Sanctions [DE 70].

The Defendant remained undeterred. On March 26, the Plaintiffs filed a Motion for Sanctions [DE 72] against the Defendant for his failure to appear at an agreed February 5 mediation. On April 7, the Defendant filed a "Notice" [DE 79] with the Court containing the following: an affidavit from his son alleging physical intimidation by one of the Plaintiffs, an otherwise blank page with the word RICO written on the top, various pieces of correspondence with the Internal Revenue Service, and a police report apparently stemming from the alleged intimidation of his son. On June 20, the Defendant submitted another "Notice to Court" [DE 84]. On July 1, the Plaintiffs submitted a Rule 12(f) Motion to Strike the Defendant's Notice [DE 85], claiming that it raised allegations not relevant to the current issues. On October 31, in an Opinion and Order [DE 104], the Court ruled on these sundry motions. The Court denied the Defendant's two Notices, holding that the information contained within was not capable of ready determination such that the Court could take judicial notice of it. Significantly, the Court also granted the Plaintiffs' Motion for Sanctions, ordering the Defendant to pay by November 24 to the Plaintiffs sanctions in the amount of $2,780.21 for fees and costs incurred by the Plaintiffs when the Defendant failed to attend the scheduled mediation session.

On December 10, the Defendant filed a Motion to Vacate [DE 110] the October 31 Opinion and Order. A telephone conference was held before the Court on December 22, [DE 115] in which a trial date was set for June 9, 2009. The Court ordered the Defendant to serve his portion of the pretrial order on the Plaintiffs by May 5, 2009. On February 3, 2009, the Court issued an Order and Opinion denying the Defendant's Motion to Vacate.

On March 13, 2009, the Plaintiffs filed a Motion for Sanctions [DE 120] against the Defendant, as he had failed to pay the sanctions from the October 31 Opinion and Order. On April 6, the Defendant filed his Response [DE 122], in which he did not address the Plaintiffs' Motion. Rather, he used his filing as a platform from which to harangue this Court with unverified accusations, to wit: "The record made in this instant case verifies that Theresa L. Springmann has committed the crime of embezzlement by causing taxpayers' resources to be expended for the express purpose of aiding and abetting [plaintiffs' counsel] in a scheme involving interstate title fraud, fraud on a patent . . . and mail fraud." On April 7, the Plaintiffs filed a Motion to Strike [124] the Defendant's Response. On May 6, the Plaintiffs moved for Entry of Default Judgment [DE 126] against the Defendant as a sanction for his failure to comply with the Court's December 22, 2008, Order to provide his portion of the pretrial order by May 20, 2009. Two days later, the Plaintiffs filed an amended version of the Motion [DE 129]. After various pre-trial filings were made by the Plaintiffs, and no actions were taken by the Defendant, this Court ordered the Defendant, in a June 4, 2009, status conference, [DE 141] to prepare his contentions, exhibit list, witness list, and proposed stipulations by June 25, 2009, and to respond to the Plaintiffs' Motion for Default Judgment by the same date. Because the Defendant had failed to comply with the December 8, 2008, Order, the Court had to vacate the trial date. After several other motions were filed in anticipation of trial, the Plaintiffs filed their second Motion for Default Judgment [DE 155],

5

this time for the Defendant's failure to comply with the Court's June 4 Order to deliver to the Plaintiffs his trial preparation, and to respond to their first Motion for Default Judgment.

## DISCUSSION[2]

The authority of a court to dismiss cases for lack of prosecution is well-settled as an "inherent power," which is not granted by rule or statute but "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash*, 370 U.S. 727, 630–31 (1962). *See also Nat'l Hockey League v. Met. Hockey League Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam) (stating that "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47, 50 (1991) (holding that a court may sanction bad faith conduct by means of the inherent power even if that conduct could also be sanctioned under the statute or the rules).[3]

The Seventh Circuit has a well-established policy favoring decisions on their merits over default judgments. *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). For that reason, a default judgment should be used as a sanction only in extreme situations, or when other less drastic sanctions have proven unavailing. *Sun v. Board of Trustees of*

---

[2] Not discussed in the Discussion section is the Motion to Reinstate Counterclaim for Racketeering [DE 161]. The motion is a mere recitation of the definitions of "Fraud on the Court," and "Conspiracy" from Moore's *Federal Practice*, and the United States Code Section regarding Aiding and Abetting; it does not present any issues fit for legal analysis. As such, the Court rests on its August 6, 2007, Opinion and Order [DE 51] dismissing the Defendant's Counterclaim

[3] Though the Court dismisses this action through its inherent power, it is mindful that the Federal Rules of Civil Procedure promote "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

*Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Although the district court has default judgment "'readily available within its arsenal of sanctions,' it is a weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Id.* (Citing *C.K.S.*, 726 F.2d at 1206) (internal citations omitted). The court should consider the efficacy of less severe sanctions meant to punish the party before imposing the ultimate sanction of dismissal. *Ball v. City of Chicago*, 2 F.3d 752, 753 (7th Cir. 1993) While there is no hard and fast rule requiring courts only to issue a dismissal as a last resort, "it is a sound practice and one that [is commended] to [the] district judges." *Id.* at 758.

In this case, the Court has proceeded with an abundance of caution, in part because the Defendant is proceeding *pro se* in this matter. The Court has afforded him every opportunity to defend against the Plaintiffs' claims. However, the Defendant has "willfully disregarded pending litigation," especially with his recent and repeated failure to comply with Court orders (themselves occasioned by the Plaintiffs' filings of two Motions for Default Judgment, and the Court's effort to bring this case to trial, as the Defendant had himself requested).

The Defendant's disregard of the Courts' previous two Orders is particularly illustrative. On October 31, 2008, the Court ordered the Defendant to remit $2,780.21 to the Plaintiffs by November 28, 2008. This sanction was not punitive, but rather an assessment based on the costs the Plaintiffs legitimately incurred when the Defendant failed to appear at a Court-ordered and agreed-upon mediation session. Despite the Court's order, and despite the Plaintiffs' request that the Court enter default judgment as a result of the Defendant's failure to pay, the Defendant has still not complied.

On December 22, 2008, the Court ordered the Defendant to serve on the Plaintiffs his portion of the pretrial order by May 20, 2009, in preparation for a three-day jury trial to be held on June 9. Despite the Court's Order, and despite the Plaintiffs's second request for default judgment

7

as a result of his failure to deliver his portions, the Defendant has failed to comply with the order. The Court withheld ruling on this motion, giving the Defendant one more opportunity. On June 4, the Court granted Walker until June 25, 2009, to provide to the Plaintiffs his contentions, exhibit list, witness list, and proposed stipulations. Despite the Order, and despite a second Motion for Default Judgment by the Plaintiffs, the Defendant did not comply. As late as July 28, the Court held a telephone conference with the parties and asked the Defendant if he wished to reply tho the Plaintiffs' Motion for Default Judgment and the Defendant informed the Court that he did not.

The Defendant's repeated failure to comply shows that the Defendant is not willing to defend his case in a manner that complies with procedural rules, and the Court will order that default judgment be entered for the Plaintiffs and against the Defendant as a sanction. This decision is indeed one of "last resort." Before making this ruling, the Court imposed monetary sanctions on the Defendant and twice held off ruling on the Plaintiffs' well-founded Motions for Default Judgment, in an effort to give the Defendant opportunity to conform his conduct to allow his case to go forward. However, the Defendant's conduct, including his disregard for the Court's orders and his repeated filing of frivolous motions, is grounds for sanctions above and beyond those already imposed.

The Court further notes that the Defendant's conduct has required the Court to delay the date of the jury trial. The discovery deadline for this case was originally set for October 15, 2007. After delays caused by the Defendant's filing of motions ultimately deemed to be without merit, the Court set a trial date for June 9, 2009. After the Defendant failed to comply with the aforementioned Order directing him to submit his portions of the pretrial order, the jury trial was vacated, and the Defendant was permitted one final opportunity to reply to the Plaintffs' Motion for Default Judgment, and to submit materials. The record of this case shows that the Defendant

has and will continue to obstruct and delay efforts to proceed with a trial and that he has repeatedly abused this Court's process and thwarted the effective administration of justice. To allow him to continue to do so would result in a miscarriage of justice and impose further costs on the Plaintiffs, who have at all times complied with the orders of this Court.

## CONCLUSION

For the foregoing reasons, the Plainitffs' Motion for Default Judgment as to Sanctions Against Defendant for his Failure to Comply with Court Order [DE 155]; and the Plaintiffs' Amended Motion for Default Judgment [DE 129] are GRANTED. The Defendant's Motion to Reinstate Counterclaim for Racketeering [DE 161] is DENIED. The Plaintiffs' Motion for Sanctions [DE 120]; the Plaintiffs' Motion for Default Judgment [DE 126]; the Plaintiffs' Motion to Strike Response to Motion for Sanctions [DE 124]; the Plaintiffs' Motion in Limine [DE 134]; the Defendant's Motion in Limine [DE 138]; the Plaintiffs' Motion to Quash Subpoenas Duces Tecum [DE 144]; the Plaintiffs' Motion for Sanctions [DE 147]; and the Plaintiffs' Motion to Quash Subpoenas Duces Tecum [DE 148] have been rendered MOOT, and are DENIED as such. The Clerk is DIRECTED to enter judgment in this matter for the Plaintiffs, J.C. Brown, Spirit of America Corporation, and Amaze-N-Tow, LLC, and against the Defendant, Esler C. Walker.

SO ORDERED on September 30, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT