UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CASE NO. 1:06-CV-218-TLS |
| ESLER C. WALKER, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on two motions filed by the Defendant. The first, titled Esler C. Walker's Federal Rules of Civil Procedure Rule 60(b)(4) motion to vacate a void judgment on grounds of denial of due process and fraud [DE 169], was filed on October 28, 2009. The Plaintiffs filed a Response [DE 172] on November 16, 2009. The second motion, titled Esler C. Walker, Jr.'s urgent request to the Honorable Theresa Springmann to take all sums pled for as damages under this judgment, and multiply those total sums by at least a factor of three, then sign a final judgment order to make a record of fraud perpetrated by the Honorable Theresa L. Springmann [DE 173], was filed on November 17, 2009. The Court will address them separately.

**A.      Walker's Motion to Vacate**

Federal Rule of Civil Procedure 60(b), under which the Defendant moves, states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void." Rule

60(b)(4) is "intended for cases where the district court issuing the underlying judgment lacks jurisdiction or acted in a manner inconsistent with due process." *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002).

Although the Defendant's motion is very hard to follow, a liberal reading of it suggests a few different grounds on which he moves this court to vacate its judgment under Rule 60(b). The first ground is that the Court did not rule on either the Defendant's motion to dismiss the Defendant's counterclaim or his third-party complaint against Matthew J. Elliott using the summary judgment standard. However, the Court addressed this issue in its Opinion and Order [DE 51] dated August 6, 2007. In that Opinion and Order, the Court found that, because the Defendant's claims should be dismissed for failure to adequately plead, the Court had no need to rule on the Defendant's pending Motion for Summary Judgment [DE 40], which related to those claims. As the Defendant does not here present any evidence or argument that differs from what the Court has previously considered, the Court will rest on its previous Opinion and Order and deny relief on this ground.

Second, the Defendant seems to allege that the Court considered information outside of the record in relation to Matthew J. Elliott's motion to dismiss. However, a review of the docket indicates that the Court relied only on Elliott's affidavit in considering his motion. (DE 27, 28, 30, 31). As the Defendant does not provide any specific evidence (or reference) of the non-record information allegedly relied on by the Court, the Court cannot grant the Defendant relief on this ground.

Third, the Defendant seems to argue that the Court lacked subject-matter jurisdiction to grant the Plaintiffs' Motion for Entry of Default Judgment, and that because he appeared in the matter and answered most of the Plaintiffs's claims, he could not be found in default. However,

as explained in this Court's Opinion and Order [DE 165], default judgment was not entered against the Defendant for failure to appear. It was entered as a sanction for the Defendant's repeated failure to comply with this Court's orders. In that Opinion and Order, the Court recounted at length the many opportunities given to the Defendant to come into compliance, and documented the Defendant's continued and unyielding intransigence.

Finally, the Defendant argues, without support, that the Court conspired with the Plaintiffs to commit mail fraud, title fraud, and identity theft. Because the Defendant has not produced any evidence in support of his allegation, the Court finds that none of its actions in this regard were inconsistent with due process. Accordingly, the Defendant cannot be granted relief on this ground.

For these reasons, the Court finds that the Defendant has not shown that its judgment is void. Accordingly, his Motion to Vacate will be denied.

**B.     Walker's Urgent Request**

In the Defendant's "urgent request," he accuses the Court of engaging in mail fraud, racketeering, and identity theft. The accusation is followed with several pages of definitions of these crimes. Again, as the Defendant does not provide any support for his accusations, the Court cannot grant him any relief. Additionally, the Court does not know of any procedural mechanism by which it can "take all sums pled for as damages under this judgment, and multiply those total sums by at least a factor of three." As such, the Court cannot grant the Defendant relief on this ground.

C.  **Conclusion**

For the reasons stated, the Defendant's Motions [DE 169, 173] are DENIED.

SO ORDERED on February 24, 2010.

                                    s/ Theresa L. Springmann  
                                    THERESA L. SPRINGMANN  
                                    UNITED STATES DISTRICT COURT