UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:06-CV-218-TLS |
| ESLER C. WALKER, ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion to Amend Default Judgment [DE 167], in which the Plaintiffs ask the Court to amend its September 30, 2009, Opinion and Order [DE 165] ordering that default judgment be entered against the Defendant as a sanction. They ask the Court to award damages of $230,908.30, attorney's fees in the amount of $54,547.86, and all other relief that the Court finds just and proper. Additionally, the Plaintiffs move for the Court to permanently enjoin the Defendant from using or infringing on any of the trademarks that were at issue in this case.

Federal Rule of Civil Procedure 55(b)(2) states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." "Even when a default judgment is warranted . . . the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Along with their Motion, the Plaintiffs have submitted affidavits, documents, and other materials, all in an effort to establish their damages with reasonable certainty. The Court has carefully reviewed all of these documents and notes that the Motion to Amend Default Judgment makes arguments that call upon the Court to exercise its discretion. For example, the statutory damages sought under the Lanham Act contemplate an extremely wide range of dollar amounts that the Court must determine. In another instance, the damages sought under the Plaintiffs' conversion claim are based on the average cost, rather than the specific cost, of the items converted. As a result, the damages cannot be ascertained with reasonable certainty on the current record, and an evidentiary hearing is necessary to determine the proper amount of damages to award the Plaintiffs in this cause. For these reasons, the Motion to Amend Default Judgment [DE 167] is TAKEN UNDER ADVISEMENT.

It is ORDERED that this case is referred to Magistrate Judge Roger B. Cosbey for purposes of conducting proceedings, including a damages hearing, and submitting proposed findings of fact and recommendations for the disposition of the Plaintiff's Motion to Amend Default Judgment, pursuant to 28 U.S.C. § 636(b)(1)(B) and N.D. Ind. L.R. 72.1(c).

SO ORDERED on February 24, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT