UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| J.C. BROWN, SPIRIT OF AMERICA CORPORATION, and AMAZE-N-TOW, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:06-CV-218-TLS |
| ESLER C. WALKER, | ) ) | |
| Defendant. | ) ) | |

**ORDER MODIFYING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiffs' Motion to Amend Default Judgment [DE 167], filed on October 15, 2009, and the Report and Recommendation [DE 181] of Magistrate Judge Roger B. Cosbey, submitted on May 25, 2010.

On September 30, 2009, the Court granted the Plaintiffs' Motion for Default Judgment as to Sanctions Against Defendant for His Failure to Comply with Court Order [DE 155] and the Plaintiffs' Amended Motion for Default Judgment [DE 129] and directed the Clerk of this Court to enter judgment for the Plaintiffs and against the Defendant. On October 15, 2009, the Plaintiffs filed a Motion to Amend Default Judgment asking the Court to amend its September 30, 2009, Opinion and Order and the Judgment to grant injunctive relief, award damages and attorney's fees, and order all other relief that is just and proper. Pursuant to 29 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) of the United States District Court for the Northern District of Indiana, the Court ordered this case referred to Judge Cosbey for purposes of conducting proceedings (including a damages hearing) and submitting proposed findings of fact and recommendations for the disposition of the Plaintiffs' Motion. On May 17, 2010, Judge Cosbey conducted an evidentiary damages hearing that the

Defendant elected not to attend.[1] On May 24, Judge Cosbey issued a detailed Report and Recommendation in which he recommends that the Court grant the Plaintiffs' Motion to Amend Default Judgment, that the Court award the Plaintiffs damages in the amount of $230,908.30, attorney's fees in the amount of $58,131.25, and costs in the amount of $405.09, and that the Court grant the Plaintiffs a permanent injunction prohibiting the Defendant from infringing on the Plaintiffs' trademarks.

This Court's review of a magistrate's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

The statute permits objections to a magistrate's report and recommendations to be made within fourteen days of service of a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a magistrate's report and recommendation and the district court's resolution of any objections).

As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed. Having reviewed the Report and Recommendation prepared by Judge Cosbey, the Court MODIFIES paragraph III.B. on page 9 of the Report and Recommendation [DE 181] to reference $2780.21 as the amount of fees and expenses awarded by the Court as a sanction on October 31, 2008, but otherwise ADOPTS the Report and Recommendation and ACCEPTS the recommended disposition.[2]

---

[1] On May 13 and 17, 2010, the Defendant filed Notices [DE 178 and 180] expressly waiving his right to appear at the hearing and question witnesses.

[2] Consistent with the presentation of counsel at the May 17, 2010, evidentiary damages hearing, the Report and Recommendation indicates that the amount ordered as a sanction was $2803.44. This is the amount the Plaintiffs sought in their Motion for Sanctions Against Defendant for His Failure to Appear at Mediation [DE 72], but the Court only awarded

Accordingly, the Court GRANTS the Plaintiffs' Motion to Amend Default Judgment [DE 167]. The Court DIRECTS the Clerk of this Court to amend the Judgment entered in this case to award the Plaintiffs damages, attorney fees, and costs in the following amounts: (1) damages in the amount of $230,908.30; (2) attorney's fees in the amount of $58,131.25; and (3) costs in the amount of $405.09.

The Court also ORDERS that Defendant Esler C. Walker, his agents, servants, employees, affiliates, successors and assigns, and any and all persons acting in concert or participation with them who receive actual notice of this Order, are hereby PERMANENTLY ENJOINED and RESTRAINED:

> (1) from operating under or using, in any facet, the name "Amaze-N-Tow," "ANT," and "CycleTow," or any name confusingly similar to "Amaze-N-Tow," "ANT," and "CycleTow" in connection with the description, marketing, promotion, advertising, or sale of any products or services;
>
> (2) from using, adopting, and displaying colors, shapes, designs, patterns, and lettering similar to the trade dress of Spirit of America Corp. and Amaze-N-Tow, LLC; and
>
> (3) from operating any websites using the trademarks "Amaze-N-Tow," "ANT," and "CycleTow," in whole, or in part, or any name confusingly similar to "Amaze-N-Tow," "ANT," and "CycleTow."

The Clerk of this Court is DIRECTED to ENTER an Amended Judgment in favor of the Plaintiffs and against the Defendant accordingly.

SO ORDERED on June 9, 2010.

    s/ Theresa L. Springmann  
    THERESA L. SPRINGMANN  
    UNITED STATES DISTRICT COURT

---

$2780.21 because the amount sought by the Plaintiffs included a miscalculation. Nevertheless, the total amount of damages recommended in the Report and Recommendation (i.e., $230.908.30) was correct and included the $2780.21 figure, not the $2803.44 figure. Thus, there is no need to modify the final calculation of damages recommended in the Report and Recommendation.